Deutsche Bank Trust Co. Ams. v Wilson (2025 NY Slip Op 00255)

Deutsche Bank Trust Co. Ams. v Wilson

2025 NY Slip Op 00255

Decided on January 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-23-2121
[*1]Deutsche Bank Trust Company Americas, as Trustee, Respondent,
v
Linda Wilson et al., Appellants, et al., Defendants.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for appellants.
Duane Morris LLP, New York City (Chantee Nelson-Facey of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Richard J. McNally Jr., J.), entered September 19, 2023 in Rensselaer County, which granted plaintiff's motion for summary judgment.
In December 2006, defendant Linda Wilson executed a note to borrow $130,000 from Homecomings Financial, LLC, secured by a mortgage on real property in Rensselaer County. The note included an indorsement in blank (i.e., "without recourse pay to the order of") executed by a representative of the lender. The corresponding mortgage was signed by Linda Wilson, defendant Paul Wilson (hereinafter collectively referred to as the Wilsons) and defendant Allison Rigney. Defendants signed a loan modification agreement with the lender's successor in interest, GMAC Mortgage, LLC, in July 2009, increasing the principal balance on the note to $158,359. The mortgage was assigned to plaintiff in 2013.
Plaintiff initiated this mortgage foreclosure action in August 2015, contending that defendants had defaulted on payments due since October 2009. The Wilsons answered, contending, in part, that plaintiff lacked standing to commence the action. After denying plaintiff's initial motion for summary judgment without prejudice, Supreme Court granted plaintiff's second motion for summary judgment. The Wilsons appeal.[FN1]
We affirm. When, as here, a defendant raises a standing defense, the plaintiff must establish "as a matter of law, that it has standing to foreclose" (JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied 595 US ___, 142 S Ct 110 [2021]). Here, plaintiff attached a copy of the note to the complaint. Plaintiff also provided the affidavit of possession of Benjamin Verdooren, a senior loan analyst employed by Ocwen Financial Corporation (hereinafter OCWEN). Verdooren averred that OCWEN's wholly owned subsidiary, PHH Mortgage Corporation, was the loan servicer/attorney-in-fact for plaintiff and merged with OCWEN in 2019. Confirming that he had personal knowledge of his employer's record-keeping practices and procedures, Verdooren represented that plaintiff obtained possession of the original note in August 2014, and has maintained continuous possession. The Wilsons failed to raise any factual issues to the contrary. Having signed the loan modification agreement, the Wilsons' contention that plaintiff failed to establish that GMAC Mortgage, LLC was in the chain of ownership of the note is of no moment. Moreover, the Limited Power of Attorney attached to Verdooren's affidavit does, in fact, name PHH as an authorized sub-servicer of the loan. On this record, we find that Supreme Court properly determined that plaintiff had standing (see id.; Nationstar Mtge. LLC v O'Brien, 231 AD3d 1392, 1393-1394 [3d Dept 2024]; Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d 962, 963 [3d Dept 2024]; JPMorgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270-1271 [3d Dept 2017]). Since the record otherwise demonstrates that defendants defaulted in payment[*2], Supreme Court duly granted plaintiff's motion for summary judgment.
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: There is no indication in the record that Rigney ever filed an answer.